IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Jason Goss, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)** | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | Civil Action No. |
| **Tyler Traditions, Inc. dba Traditions and Kandice Owens** | § § § § | |
| *Defendants.* | § | |

## COLLECTIVE ACTION COMPLAINT

Jason Goss ("Named Plaintiff" or "Goss") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") files this Fair Labor Standards Act ("FLSA") lawsuit against Tyler Traditions, Inc. dba Traditions ("Traditions") and Kandice Owens ("Owens") (Traditions and Owens, are collectively referred as "Defendants") and in support shows the Court and jury as follows:

### I.   NATURE OF SUIT

1.  The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and overtime requirements. *Brooklyn Sav.*

1

*Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

2. The FLSA requires employers to pay employees at a rate of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). Though, in utilizing this tip credit affirmative defense, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id*. If the employer fails to adhere to the FLSA's very specific requirements, it loses its right avail itself of the tip credit.

3. Here, Defendants paid Goss and Class Members tips as part of their compensation. Defendants also paid Goss and Class Members a sub-minimum hourly wage plus tips. During the three years preceding the filing of this lawsuit, Defendants violated Section 203(m) – an affirmative defense – in that Defendants: (1) did not inform Goss and Class Members of the tip credit provisions pursuant to 29 U.S.C. § 203(m); and (2) did not allow Plaintiff and Class Members to retain all their tips. *See* 29 U.S.C. § 203.

4. Moreover, as set forth in detail below, Defendants violated the FLSA by: (1) failing to distribute to Goss and Class Members the entire amount of the tips

earned; (2) requiring Goss and Class Members to share tips with employees who may not lawfully participate in a tip pool – including employees working in the kitchen; (3) making illegal deductions from the wages of minimum wage employees for items such as uniforms and meals; (4) failing to inform Goss and Class Members of the FLSA's Section 203(m) tip-credit provisions; (5) not paying the correct overtime rate to Goss and Class Members; and (6) not including all compensation, bonuses, and other remuneration in the regular rate for purposes of calculating overtime pay.

5. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

6. Named Plaintiff, Jason Goss, is an individual who resides in Tyler, Texas. At all relevant times, Goss was an "employee" of Defendants as that term is defined by the FLSA. *See* 29 U.S.C. § 203(e). As set forth in more detail below, Defendants were Goss' "employer" as that term is defined by the FLSA. Goss has consented to be a party-plaintiff to this action. *See* 29 U.S.C. § 203(d). Mr. Goss' NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as *"Exhibit 1"*.

7. Class Members are all individuals who worked as servers for Defendants in the three (3) years preceding the filing of this Complaint. Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

8. Defendant, Tyler Traditions, Inc., is a corporation formed under the

3

laws of the State of Texas and doing business as Traditions. Traditions has a physical location in Tyler, Texas where it operates a restaurant and catering business. Traditions can be served with process by serving its registered agent, Kandice Owens, at 6205 South Broadway, Tyler, Texas 75703.

9. Defendant, Kandice Owens, an individual, is an owner, Director, and Treasurer of Defendant Traditions. Owens acts directly or indirectly in the interest of Defendant Tradition in relation to employees (including Goss and Class Members) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work at Defendants' restaurant in Tyler, Texas. Owens is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Owens can be served at her place of business, located at 6205 South Broadway, Tyler, Texas 75703, or wherever she may be found.

### III.   JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Further, the Texas common law claims asserted in this matter form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over all the Defendants because Defendants reside in Texas, are doing business in Texas, and employing Texas residents such as Goss and Class Members to work at Defendants' Texas business location.

12. Venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas. Defendants employed Goss to perform work for Defendants at their restaurant located in Tyler, Texas. In addition, at all times relevant to the matters set forth in this Complaint, Defendants were and are operating a business located in Tyler, Texas. Therefore, pursuant to 28 U.S.C. § 1391, venue is proper in this district and division.

### IV.   COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Goss and Class Members. Specifically, Owens controls Traditions by making strategic, operational and policy decisions, and exerting operational control through management-level employees who are employed by Traditions. Also, Owens approves and signs employees' (including Goss and Class Members) paychecks.

15. At all relevant times, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been,

through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a restaurant and catering business called Traditions. Goss and Class Members were employed by Defendants to work at Defendants' restaurant in Tyler, Texas as well as duties related to Defendants' catering events.

16. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all relevant times, Goss and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

18. As part of their employment, Goss and Class Members handled food and other food service items that traveled in interstate commerce, served customers who were traveling from out-of-state or across interstate lines, or processed interstate payment transactions.

## V.  FACTUAL ALLEGATIONS

19. Defendants operate a restaurant and catering business in Tyler, Texas. The restaurant is called Traditions.

20. In the year 2015, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

21. In the year 2016, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

22. In the year 2017, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

23. In the four (4) quarters prior to the filing of this Complaint, Traditions had cumulative gross receipts in excess of $500,000 (exclusive of excise taxes).

24. Defendants employed Goss to work as a server for Traditions within the three-year period preceding the filing of this lawsuit.

25. Defendant Owens possesses the power to hire and fire employees such as Goss and other restaurant employees including Class Members. Owens also implements the general policies of the restaurant, oversees the general policies and operations of the restaurant, approves and signs employee paychecks, and determines the pay structure and other employment policies affecting Goss and Class Members' employment.

26. Defendant Owens has exerted significant operational control over the restaurant, its employees, and pay policies during the three (3) years preceding this filing.

27. Defendants employ employees such as Goss and Class Members on an hourly basis. Goss and Class Members also earn tips as part of their compensation.

28. Specifically, Defendants paid Goss and Class Members an hourly rate that was as little as $2.13 per hour, plus a portion of the tips that Goss and Class Members earned.

29. Defendants paid Goss and Class Members various hourly rates, with the majority of those hours, Goss and Class Members were working for an hourly wage that was less than $7.25.

30. For example, Defendants paid Goss and Class Members $2.13 per hour while waiting tables, $3.75 per hour for waiting tables as shift lead, $4.25 per hour for training. In each instance where Defendants paid Goss and Class Members a sub-minimum wage, Defendants purported to apply a portion of the tips Goss and Class Members earned towards Defendants' minimum wage obligation.

31. At other times during their employment, Defendants paid Goss and Class Members an hourly wage ranging from $7.25 up to $9.00 per hour plus a portion of the tips that Goss and Class Members earned.

32. Defendants violated Section 203(m) of the FLSA by: (1) failing to distribute to Goss and Class Members the entire amount of their tips; (2) requiring Goss and Class Members to share tips with employees who may not lawfully participate in a tip pool – including employees working in the kitchen; (3) making illegal deductions from the wages of Goss and Class Members – minimum wage employees – for items such as uniforms and meals; and (4) failing to inform Goss and

Class Members of the FLSA's Section 203(m) tip-credit provisions.

33. First, Defendants regularly retained a portion of Goss and Class Members' tips. As one example, Goss and Class Members regularly work catering events where Defendants pay as little as $2.13 per hour plus tips. As part of these catering events, customers will leave a tip for the service provided by Goss and Class Members. However, Defendants not distribute the entire amount of these earned tips to Goss and Class Members. Instead, Defendants deducted as much as one-half (1/2) of the total tip before distributing the remaining one-half (1/2) to Goss and Class Members.

34. Second, Defendants distribute a portion of Goss and Class Members' tips to back-of-the-house employees working in the kitchen including the cooks. However, an employer violates the FLSA when it distributes employees' tips to back-of-the-house employees, such as cooks. Here, Defendants' practice of distributing a portion of Goss and Class Members' tips to back-of-the-house employees is a violation of 29 U.S.C. § 203(m).

35. Third, Defendants charged Goss and Class Members for their uniforms. The cost of these uniforms was passed along to Goss and Class Members, thereby, violating condition two of 29 U.S.C. § 203(m). *See also, Reich v. Priba Corp.*, 890 F. Supp. 586, 596-97 (N.D. Tex. 1995) (if employer requires employee to wear a uniform, employer cannot count uniform expense as wages to satisfy minimum wage requirement) (citing 29 C.F.R. 531.3(d)(1), (2) & 29 C.F.R. 531.32(c)).

36. Defendants also charged Goss and Class Members more than the cost of

the meals that Goss and Class Members consumed during their shifts. *See Dole v. Bishop*, 740 F. Supp. 221, 1227 (S.D. Miss. 1990) (for employer-provided, on-the-job meals, employer can only charge employee for reasonable cost of meal to the employer) (citing 29 U.S.C. § 203(m)). Charging Goss and Class Members more than Defendants' cost of the meals consumed during working hours is also a violation of Section 203(m).

37. Because Defendants failed to allow Goss and Class Members to retain all tips earned, Defendants violated 29 U.S.C. § 203(m) of the FLSA. As such, Defendants are liable to Goss and Class Members for the full amount of the minimum wage for every hour worked where Goss and Class Members were paid a direct cash wage of less than minimum wage. In addition, regardless of the direct hourly wage that Defendants paid Goss and Class Members, Defendants are liable to Goss and Class Members for all of the misappropriated tips.[1]

38. In addition to illegally retaining Goss and Class Members tips, Defendants did not inform Goss and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

    a. Defendants did not inform Goss and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

    b. Defendants did not inform Goss and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

---

[1] In March of 2018, the FLSA was amended to clarify that Section 203(m) prohibits employers from requiring employees from retaining tips or sharing tips with non-tipped employees regardless of whether the employer pays less than $7.25 per hour. *See* 29 U.S.C. § 203(m)(2)(B).

    c. Defendants did not inform Goss and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

    d. Defendants did not inform Goss and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See Id.*

39. Next, Defendants willfully violated and are violating the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Goss and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, at rates not less than one-and-one-half times the regular rate for all hours worked over forty (40) in a single workweek.

40. Defendants violated the overtime provisions set out in section 7 of the FLSA, 29 U.S.C. § 207, by incorrectly paying Goss and Class Members one-and-one-half times the subminimum wage for hours worked over forty (40) in a single workweek and failing to include all compensation, bonuses, and other remuneration in the regular rate for purposes of calculating overtime pay. The overtime rate for employees paid a subminimum wage (e.g. Goss and Class Members) is calculated by subtracting the amount of the tip credit from the full overtime rate. *See DOL Field Operations Handbook 32j18*. (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.). Moreover, Goss and Class Members' overtime rate did not include

all compensation, bonuses, and other remuneration in the calculation of the regular rate for purposes of calculating overtime pay.

41. Defendants' method of paying Goss and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

42. Defendants' method of paying Goss and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

43. During the three-year period preceding the filing of this lawsuit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as used to compensate Goss.

### VI. COLLECTIVE ACTION ALLEGATIONS

44. The foregoing paragraphs are fully incorporated herein.

45. Goss brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). Goss brings this action as a representative of all similarly-situated former and current servers of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All individuals who worked as servers for Defendants in the three (3) years preceding the filing of this Complaint.**

46. FLSA claims may be pursued by those who opt-in to this case, pursuant

to 29 U.S.C. § 216(b).

47. Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Named Plaintiff is aware of other employees at Defendants restaurant who were paid in the same unlawful manner as Named Plaintiff. Named Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

48. Named Plaintiff and the Class Members have the same pay structure, have the same job duties, compensation, and are subjected to the same compensation policies. Named Plaintiff has personal knowledge that Class Members are all victims of Defendants' unlawful compensation practices as set forth in this Complaint.

49. Named Plaintiff and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

50. Named Plaintiff and the Class Members are all non-exempt for purposes of overtime under the FLSA.

51. Defendants' failure to pay wages in accordance with the FLSA is a result of Defendants' generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Named Plaintiff's experience in regard to pay is typical of the experiences of the Class Members.

52. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts.

Specifically, Defendants' systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Named Plaintiff and Class Members.

### VII. COUNT I: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

53. The foregoing paragraphs are fully incorporated herein.

54. During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Named Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate.

55. Defendants pay Named Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Named Plaintiff, or Class Members.

56. Defendants failure to pay Named Plaintiff and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

57. Defendants cannot rely on Section 203(m) as an affirmative defense to the payment of the minimum wage because Defendants unlawfully: (1) retaining a portion of Goss and Class Members' tips; (2) requiring Goss and Class Members to

share tips with employees who may not lawfully participate in a tip pool – including employees working in the kitchen; and (3) deducting uniforms and meals from Goss and Class Members' wages.

58.   Also, Defendants cannot rely on Section 203(m) because Defendants did not give Goss and Class Members notice of its intent to pay Goss and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

59.   Finally, Section 203(m) requires Defendants to reimburse Goss and Class Members for all of the misappropriated tips, regardless of whether or not Defendants paid Goss and Class Members less than a direct hourly wage of $7.25 per hour.

### VIII.   COUNT II: OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

60.   The foregoing paragraphs are fully incorporated herein.

61.   During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Goss and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one-and-one-half times the regular rate.

62.   In addition, Goss and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.   Defendants have failed to

include all compensation, bonuses, and other renumeration into Named Plaintiff and Class Members' regular rate for purposes of calculating the overtime premium rate.

63. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Named Plaintiff, or Class Members.

### IX. COUNT III: MONIES HAD AND RECEIVED UNDER THE COMMON LAW OF TEXAS

64. By requiring Named Plaintiff and Class Members to share their tips with Defendants, Defendants obtained money which in equity and good conscience belongs to Named Plaintiff and the Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

65. Defendants obtained Named Plaintiff and Class Members' tips maliciously.

### X. DAMAGES SOUGHT

66. The foregoing paragraphs are fully incorporated herein.

67. Named Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Named Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

68. Named Plaintiff and Class Members are entitled to all of the

misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Named Plaintiff and Class Members.

69. Named Plaintiff and Class Members are entitled to reimbursement of tips that were illegally retained by Defendants.

70. Named Plaintiff and Class Members are entitled to reimbursement of the funds deducted from Named Plaintiff and Class Members' paychecks or were required to be paid in cash to Defendants for items that were for the benefit of Defendants or in furtherance of Defendants' business.

71. Named Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants' actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

72. Named Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## XI.    JURY DEMAND

73. Named Plaintiff requests trial by jury.

## XII.    PRAYER

74. Named Plaintiff prays for an expedited order certifying a class and directing notice to the Class Members pursuant to 29 U.S.C. § 216(b), and, individually, and on behalf of any and all similarly situated individuals who consent to join this action, for a judgment against Defendants, jointly and severally, as follows:

A.  For an order pursuant to section 216 of the FLSA finding Defendants jointly and severally liable for wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the wages found due to Named Plaintiff (and those who may join in the suit);

B.  In the event liquidated damages are not awarded, for an order awarding Named Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.  For an order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

D.  For an order awarding Named Plaintiff (and those who may join in the suit) the costs of this action; and

E.  For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Phone: 817-479-9229
Fax: 817-887-1878

ATTORNEYS FOR JASON GOSS AND CLASS MEMBERS

# Exhibit 1

Exhibit 1

# <u>NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF</u>

Name: ___Jason Goss_____

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC and any other attorneys with whom they may associate to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Herrmann Law, PLLC to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): ___/s/ Jason Allen Goss_____     Dated: __8/14/2018_____
  DocuSigned by:
  70C8EF4DF5D5458...

Exhibit 1