## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **Jason Goss, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)** | |
|       ***Plaintiffs,*** | |
| **v.** | **Civil No. 6:18-cv-00423** |
| **Tyler Traditions, Inc. dba Traditions and Kandice Owens** | |
|       ***Defendants.*** | |

---

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

---

Jason Goss and Addison Gallion (collectively, "Named Plaintiffs") on behalf of themselves and all others similarly situated ("All Class Members") bring this collective action suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et* seq. against Tyler Traditions, Inc. dba Traditions ("Traditions") and Kandice Owens ("Owens") (Traditions and Owens, are collectively referred as "Defendants") and in support show the Court and jury as follows:

### I.    NATURE OF SUIT

1.    Defendants own and operate a restaurant and catering business located in Tyler, Texas.

2.    Named Plaintiffs worked for Defendants as both restaurant servers and catering servers.

3.    Named Plaintiffs bring this action on behalf of themselves and all other similarly situated Catering Class Members (defined below) under the FLSA who have served customers

under an agreement between the customers and the defendants as described below in paragraphs 21 – 45.

4.      Named Plaintiffs also bring this this action on behalf of themselves and a subclass of similarly situated Restaurant Class Members (defined below) under the FLSA who were paid a direct wage of less than minimum wage, prior to accounting for the receipt of tips.[1]

5.      Named Plaintiffs bring this action on behalf of themselves and all other similarly situated catering servers and restaurant servers to obtain and recover unpaid tips, overtime, minimum wages, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.      PARTIES

6.      Individual and representative Plaintiff, Jason Goss, is an individual who resides in Tyler, Texas. At all relevant times, Goss was an "employee" of Defendants as that term is defined by the FLSA. *See* 29 U.S.C. § 203(e). As set forth in more detail below, Defendants were Goss' "employer" as that term is defined by the FLSA. Goss has consented to be a party-plaintiff to this action. *See* 29 U.S.C. § 203(d). Mr. Goss' NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF was previously attached to the original Complaint (*see* Dkt. 1, Exhibit 1) and is attached, again, to this First Amended Complaint as *Exhibit 1.*

7.      Individual and representative Plaintiff, Addison Gallion, is an individual who resides in Tyler, Texas. At all relevant times, Gallion was an "employee" of Defendants as that term is defined by the FLSA. *See* 29 U.S.C. § 203(e). As set forth in more detail below, Defendants were Gallion's "employer" as that term is defined by the FLSA. Gallion has consented to be a

---

[1]    Whenever the term "tip" or "tips" is used in this Complaint, it shall carry the meaning assigned to it under 29 C.F.R. § 531.52.

party-plaintiff to this action. *See* 29 U.S.C. § 203(d). Ms. Gallion's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF was previously filed on August 20, 2018. *See* Dkt. 3.

8.  Named Plaintiffs bring this action on behalf of themselves and all other similarly situated servers employed by Traditions and who were subjected to the same unlawful pay practices described below within the three (3) year period preceding the filing of the Original Complaint.

9.  Defendant, Tyler Traditions, Inc. ("Traditions"), is a Texas corporation with a principal office in Tyler, Texas. Traditions has a physical location in Tyler, Texas where it operates a restaurant and catering business. Traditions has already appeared in this matter.

10.  Defendant, Kandice Owens, an individual, is an owner, Director, and Treasurer of Defendant Traditions.  Owens acts directly or indirectly in the interest of Defendant Traditions in relation to employees (including Goss and Class Members) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work Traditions. Owens is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Owens has already appeared in this matter.

### III.   JURISDICTION AND VENUE

11.  This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Further, the Texas common law claims asserted in this matter form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Named Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over all the Defendants because Defendants reside in Texas, are doing business in Texas, and employing Texas residents such as Goss and Class Members to work at Defendants' Texas business location.

13.     Venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas. At all times relevant to the matters set forth in this Complaint, Defendants were and are operating a business located in Tyler, Texas. Therefore, pursuant to 28 U.S.C. § 1391, venue is proper in this district and division.

### IV.     COVERAGE UNDER THE FLSA

14.     At all relevant times, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and All Class Members.

16.     Specifically, Owens approves and signs employees' (including Named Plaintiffs) paychecks, has the power to hire and fire Traditions' employees, and controls Traditions by making strategic, operational and policy decisions, and exerting operational control through management-level employees who are employed by Traditions. Owens also participates in implementing the general policies of the restaurant, oversees the general policies and operations of the restaurant, assists in bookkeeping, and participates in setting the pay structure and employment policies for the employees working at Traditions.

17.     At all relevant times, Defendants have been an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been engaged, through unified operation or common control, in the performance of related activities for a common

business purpose – namely, operating a restaurant and catering business called Traditions. Named Plaintiffs and Class Members were employed by Defendants to work as servers at Defendants' restaurant and/or catering events.

18.    At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19.    At all relevant times, Named Plaintiffs and All Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

20.    As part of their employment for Defendants, Named Plaintiffs and All Class Members handled food and other food service items that traveled in interstate commerce, served customers who were traveling from out-of-state or across interstate lines, and processed interstate payment transactions.

## V.    FACTUAL ALLEGATIONS

21.    In the year 2015, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

22.    In the year 2016, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

23.     In the year 2017, Traditions had annual gross receipts in excess of $500,000 (exclusive of excise taxes).

24.     In the four (4) quarters prior to the filing of this Complaint, Traditions had cumulative gross receipts in excess of $500,000 (exclusive of excise taxes).

25.     During their employment with Defendants, Named Plaintiffs worked for Defendants as *both* catering servers and restaurant servers.

26.     Defendants' catering servers and restaurant servers are tipped employees within the meaning of the FLSA, 29 U.S.C. § 203(t).

27.     Defendants pay their catering servers and restaurant servers according to a tip credit model as set forth in 29 U.S.C. § 203(m).

28.     At times during the three-year period preceding the filing of this lawsuit, Defendants have paid all of their catering servers and restaurant servers an hourly wage that is less than minimum wage, prior to accounting for tips.

29.     However, as set forth below, Defendants cannot avail themselves of the tip credit defense set forth in Section 203(m) of the FLSA.

30.     Defendants have also violated the overtime provisions set out in Section 7 of the FLSA, 29 U.S.C. § 207, by paying their restaurant servers and catering servers overtime pay at the incorrect rate of one-and-one-half times their subminimum hourly rate for hours worked over forty (40) in a single workweek.

A.     **<u>Catering Servers</u>**

31.     In addition to their normal restaurant operation, Defendants offer catering for private events.

32.     Defendants employed Named Plaintiffs and other catering servers to serve food and

6

beverages to customers at catering events, subject to written agreements between Traditions and its customers.

33.     As set out in its written agreements with its customers, Traditions charges its catering customers a "gratuity."

34.     However, Traditions does not distribute the entire amount of these "gratuities" to its catering servers. Instead, Traditions deducts as much as one-half (1/2) of the gratuities before distributing the remaining one-half (1/2) to the catering servers.

35.     In addition, to the extent Defendants distributed any mandatory service charges to the catering servers, Defendants failed to include these service charges in the catering servers' regular rate for purposes of calculating overtime pay. Though Defendants bear the burden of establishing whether any amounts paid to their catering servers are tips or service charges. *See Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) ("[T]he employer bears the burden of proving entitlement to any exemptions or exceptions to the Act's compensation requirements," including entitlement to credit service charges against its wage obligations.); *see also Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) ("Defendants, as the employers, bear the burden of proving that they are entitled to taking tip credits.").

36.     At times during the three-years preceding the filing of this lawsuit, Defendants paid their catering servers a direct hourly wage that was less than minimum age (i.e. as little as $2.13 per hour), plus a portion of the gratuities left by Defendants' customers.

37.     Defendants' catering servers are tipped employees within the meaning of the FLSA, 29 U.S.C. § 203(t).

38.     Defendants pay their catering servers according to a tip credit model as set forth in

29 U.S.C. § 203(m).

39.     Defendants rely on the tip credit as set forth in Section 203(m) of the FLSA, to pay their catering servers. In other words, Defendants treat the gratuities left by customers as tips to bring their catering servers' effective rate of pay up to the required minimum wage.

40.     However, Defendants cannot rely on Section 203(m) as an affirmative defense to the payment of the minimum wage because Defendants unlawfully: (1) retained a portion of their catering servers' tips; (2) required their catering servers to share tips with employees who may not lawfully participate in a tip pool – including employees working in the kitchen; and (3) deducted the cost of uniforms from their catering servers' wages.

41.     Further, Defendants violated the overtime provisions set out in section 7 of the FLSA, 29 U.S.C. § 207, by paying their catering servers at the incorrect rate of one-and-one-half times the subminimum hourly wage for hours worked over forty (40) in a single workweek. The overtime rate for employees paid a subminimum wage (e.g. catering servers) is calculated by subtracting the amount of the tip credit from the full overtime rate. *See DOL Field Operations Handbook 32j18.* (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.)

42.     In addition, to the extent Defendants distributed any mandatory service charges to catering servers, Defendants failed to include these service charges in the catering servers' regular rate for purposes of calculating overtime pay.

43.     Defendants' method of paying their catering servers in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

44.     Defendants' method of paying their catering servers in violation of the FLSA was

willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

45.     During the three-year period preceding the filing of this lawsuit, Defendants have employed other catering servers who performed similar job duties under a similar payment scheme.

**B.    Restaurant Servers**

46.     In addition to offering catering services, Defendants offer dining services to paying customers at its restaurant.

47.     Defendants employed Named Plaintiffs and other restaurant servers to serve food and beverages to customers at its restaurant.

48.     At times during the three-years preceding the filing of this lawsuit, Defendants paid Named Plaintiffs and other restaurant servers a direct hourly wage that was less than minimum wage (e.g. as little as $2.13 per hour), plus tips.

49.     Defendants' restaurant servers are tipped employees within the meaning of the FLSA, 29 U.S.C. § 203(t).

50.     Defendants pay their restaurant servers according to a tip credit model as set forth in 29 U.S.C. § 203(m).

51.     Defendants rely on the tip credit as set forth in Section 203(m) of the FLSA, to pay their restaurant servers. In other words, Defendants use a portion of tips earned by their restaurant servers to bring their effective rate of pay up to the required minimum wage.

52.     However, Defendants retained a portion of the restaurant servers' tips in violation of the FLSA, 29 U.S.C. § 203(m). Specifically, Defendants required the restaurant servers to wear

a tuxedo shirt, which were required to be embroidered with Traditions logo. However, Defendants required the restaurant servers to pay for the costs of these uniforms – including the cost of embroidery. Defendants' practice of charging the restaurant servers for the costs of these uniforms, is a violation of condition two of 29 U.S.C. § 203(m). *See also, Reich v. Priba Corp.*, 890 F. Supp. 586, 596-97 (N.D. Tex. 1995) (if employer requires employee to wear a uniform, employer cannot count uniform expense as wages to satisfy minimum wage requirement) (citing 29 C.F.R. 531.3(d)(1), (2) & 29 C.F.R. 531.32(c)).

53.     In addition to retaining restaurant servers' tips, Defendants did not give the restaurant servers notice of the FLSA's Section 203(m) tip-credit provisions.

54.     Specifically, Defendants did not inform the restaurant servers of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

      a.  Defendants did not inform the restaurant servers of the amount of the tips to be credited toward the minimum wage. *See Id.*

      b.  Defendants did not inform the restaurant servers that all tips received by the employee must be retained by the employee. *See Id.*

      c.  Defendants did not inform the restaurant servers that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

      d.  Defendants did not inform the restaurant servers that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See Id.*

55.     Further, Defendants violated the overtime provisions set out in Section 7 of the FLSA, 29 U.S.C. § 207, by incorrectly paying the restaurant servers one-and-one-half times the

subminimum hourly wage for hours worked over forty (40) in a single workweek. The overtime rate for employees paid a subminimum wage (e.g. restaurant servers) is calculated by subtracting the amount of the tip credit from the full overtime rate. *See DOL Field Operations Handbook 32j18*. (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.).

56.     In addition, to the extent Defendants distributed any mandatory service charges to the restaurant servers, Defendants failed to include these service charges in the restaurant servers' regular rate for purposes of calculating overtime pay. Though Defendants bear the burden of establishing whether any amounts paid to its restaurant servers are tips or service charges. *See Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) ("[T]he employer bears the burden of proving entitlement to any exemptions or exceptions to the Act's compensation requirements," including entitlement to credit service charges against its wage obligations.); *see also Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) ("Defendants, as the employers, bear the burden of proving that they are entitled to taking tip credits.").

57.     Defendants' method of paying their restaurant servers in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

58.     During the three-year period preceding the filing of this lawsuit, Defendants have employed other restaurant servers who performed similar job duties under a similar payment scheme.

## VI.    COLLECTIVE ACTION ALLEGATIONS

59.    The foregoing paragraphs are fully incorporated herein.

60.    Named Plaintiffs bring this action on behalf of themselves and all others similarly situated under the FLSA on behalf of two separate classes of similarly situated 1) catering servers; and 2) restaurant servers. Named Plaintiffs brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action").

61.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

## A.    Catering Servers

62.    The proposed collective of similarly situated catering servers ("Catering Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All of Traditions current and former servers who worked catering events for Defendants at any time during the three (3) years preceding the filing of this lawsuit.**

63.    The questions of fact and law common to the class of catering servers, include but are not limited to the following:

   a.   Whether the "gratuity" charged to Defendants' customers was a tip under the FLSA.

   b.   Whether catering servers were paid minimum wage.

   c.   Whether Defendants' practice of charging catering servers for the cost of the uniform violated the FLSA.

   d.   Whether Defendants unlawfully withheld and failed to pay catering servers tips as required by the FLSA;

   e.   Whether Defendants paid catering services the proper overtime rate for all hours worked over forty (40) in a single workweek.

   f.   Whether Defendants actions were willful

12

g. Whether Defendants acted in good-faith or with reasonable grounds to believe that its acts or omissions were in compliance with the FLSA.

64.     In addition to the named Plaintiffs, other employees who worked as catering servers have been victimized by Defendants' common pattern, practice, and scheme of paying their catering servers in violation of the FLSA. Named Plaintiffs are aware of other catering servers who worked for Defendants who were paid in the same unlawful manner as Named Plaintiffs and as set forth in paragraphs 21 – 45.

65.     Named Plaintiffs and the Catering Class Members have the same pay structure, have the same job duties, compensation, and are subjected to the same compensation policies. Named Plaintiffs have personal knowledge that the Catering Class Members are subjected to and victims of the same unlawful compensation practices as set forth in this Complaint in paragraphs 21 – 45.

66.     Defendants' failure to pay wages to the Named Plaintiffs and Catering Class Members in accordance with the FLSA does not depend on the personal circumstances of the Catering Class Members, rather it is a result of the same unlawful compensation policies or practices Defendants' subjected the Named Plaintiffs and Catering Class Members to.  As a result, the Named Plaintiffs' and Catering Class Members share the same or similar experiences in regard to Defendants' compensation practices or policies and pay.

67.     Although the exact amount of damages may vary among Catering Class Members, the damages for the Catering Class Members can be easily calculated by a simple formula. The Catering Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Named Plaintiff and Catering Class Members.

**B.**     **Restaurant Servers**

68.     The proposed sub-collective of similarly situated restaurant servers ("Restaurant

Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All of Traditions current and former restaurant servers who worked at
> Defendants' restaurant in Tyler, Texas at any time during the three (3)
> years preceding the filing of this lawsuit.**

69.     The questions of fact and law common to the subclass of restaurant servers, include

but are not limited to the following:

a.   Whether restaurant servers were paid minimum wage.

b.   Whether Defendants practice of charging restaurant servers for the cost of the
uniform violated the FLSA.

c.   Whether Defendants unlawfully withheld and failed to pay restaurant servers tips
as required by the FLSA.

d.   Whether Defendants paid restaurant services the proper overtime rate for all hours
worked over forty (40) in a single workweek.

e.   Whether Defendants actions were willful

f.   Whether Defendants acted in good-faith or with reasonable grounds to believe that
its acts or omissions were in compliance with the FLSA.

70.     In addition to the Named Plaintiffs, other employees who worked in Defendant's

dining room at Defendants' restaurant as servers have been victimized by Defendants' common

pattern, practice, and scheme of paying their restaurant servers in violation of the FLSA. Named

Plaintiffs are aware of other restaurant servers who worked for Defendants who were paid in the

same unlawful manner as Named Plaintiffs and as set forth in paragraphs 21-30, 46-58.

71.     Named Plaintiffs and the Restaurant Class Members have the same pay structure,

have the same job duties, compensation, and are subjected to the same compensation policies.

Named Plaintiffs have personal knowledge that the Restaurant Class Members are all subjected to

14

and victims of the same unlawful compensation practices as set forth in this Complaint in paragraphs 21-30 and 46-58.

72.     Defendants' failure to pay wages to the Named Plaintiffs and Restaurant Class Members in accordance with the FLSA does not depend on the personal circumstances of the Restaurant Class Members, rather it is a result of the same unlawful compensation policies or practices Defendants' subjected the Named Plaintiff and Catering Class Members to. As a result, Named Plaintiffs' and Catering Class Members share the same or similar experiences in regard to Defendants' unlawful compensation policies or practices and pay.

73.     Although the exact amount of damages may vary among Restaurant Class Members, the damages for the Restaurant Class Members can be easily calculated by a simple formula. The Restaurant Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Named Plaintiff and Restaurant Class Members.

### VII.    COUNT I: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

74.     The foregoing paragraphs are fully incorporated herein.

75.     During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Named Plaintiffs, including Catering Class Members and Restaurant Class Members, in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate.

**A.    <u>Catering Servers</u>**

76.     Defendants pay Named Plaintiffs and Catering Class Members a direct hourly wage

(prior to accounting for tips) that is less than the federally mandated minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206.

77.     Defendants' failure to pay Named Plaintiff and Catering Class Members at the minimum wage rate for each and every hour worked is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

78.     Defendants cannot rely on Section 203(m) as an affirmative defense to the payment of the minimum wage unless Defendants can show that: (1) Named Plaintiffs and Catering Class Members were allowed to retain all of their tips, or that Defendants operated a valid tip pool; and 2)  Defendants informed Named Plaintiffs and Catering Class Members their intent to pay Named Plaintiffs and Catering Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

79.     Finally, Section 203(m) requires Defendants to reimburse Named Plaintiffs and Catering Class Members for all of the misappropriated tips, regardless of whether or not Defendants paid Named Plaintiffs and Catering Class Members less than a direct hourly wage of $7.25 per hour. *See* 29 U.S.C. § 203(m)(2(B)).

**B.     <u>Restaurant Servers</u>**

80.     Defendants pay Named Plaintiffs and Restaurant Class Members a direct hourly wage (prior to accounting to for tips) that is less than the federally mandated minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206.

81.     Defendants failure to pay Named Plaintiff and Restaurant Class Members at the minimum wage rate for each and every hour worked is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

82.     Defendants cannot rely on Section 203(m) as an affirmative defense to the payment

of the minimum wage unless Defendants can show that: (1) Named Plaintiffs and Restaurant Class Members were allowed to retain all of their tips, or that Defendants operated a valid tip pool; and 2)   Defendants informed Named Plaintiffs and Restaurant Class Members their intent to pay Named Plaintiffs and Restaurant Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

83.     Finally, Section 203(m) requires Defendants to reimburse Named Plaintiffs and Restaurant Class Members for all of the misappropriated tips, regardless of whether or not Defendants paid Named Plaintiffs and Restaurant Class Members less than a direct hourly wage of $7.25 per hour. *See* 29 U.S.C. § 203(m)(2(B)).

### VIII.   COUNT II: OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

84.     The foregoing paragraphs are fully incorporated herein.

85.     During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing by employing Named Plaintiffs, including Catering Class Members and Restaurant Class Members (collectively, "All Class Members"), in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one-and-one-half times their regular rate.

86.     None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Named Plaintiffs, Catering Class Members or Restaurant Class Members.

**A.**     **<u>Catering Servers</u>**

87.     Defendants violated the overtime provisions set out in Section 7 of the FLSA, 29

U.S.C. § 207, by incorrectly paying the Named Plaintiffs and Catering Servers for overtime at one-and-one-half times their regular rate for hours worked over forty (40) in a single workweek.

88.     The overtime rate for employees paid a subminimum wage (i.e. catering servers) is calculated by subtracting the amount of the tip credit from the full overtime rate. *See DOL Field Operations Handbook 32j18*. (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.).

89.     In addition, to the extent Defendants distributed any service charges to Named Plaintiffs and Catering Class Members, Defendants failed to include these service charges in the catering servers' regular rate for purposes of calculating overtime pay.

90.     Defendants have failed to include all compensation, bonuses, and other renumeration into Named Plaintiff and Catering Class Members' regular rate for purposes of calculating the overtime premium rate.  *See* 29 C.F.R. 778.208.

**B.     Restaurant Servers**

91.     Defendants violated the overtime provisions set out in Section 7 of the FLSA, 29 U.S.C. § 207, by incorrectly paying the Named Plaintiffs and Restaurant Servers for overtime at one-and-one-half times their regular rate for hours worked over forty (40) in a single workweek.

92.     The overtime rate for employees paid a subminimum wage (i.e. restaurant servers) is calculated by subtracting the amount of the tip credit from the full overtime rate. *See DOL Field Operations Handbook 32j18*. (An employer may not take a higher tip credit against its minimum wage obligation during overtime hours than is taken during non-overtime hours.).

93.     In addition, to the extent Defendants distributed any service charges to Named Plaintiffs and Restaurant Class Members, Defendants failed to include these service charges in the restaurant servers' regular rate for purposes of calculating overtime pay. Defendants have failed

to include all compensation, bonuses, and other renumeration into Named Plaintiffs and Restaurant Class Members' regular rate for purposes of calculating the overtime premium rate.  *See* 29 C.F.R. 778.208.

## IX.   COUNT III: MONIES HAD AND RECEIVED UNDER THE COMMON LAW OF TEXAS

94.     By requiring Named Plaintiffs and Catering Class Members to share their tips and service charges with Defendants, Defendants obtained money which in equity and good conscience belongs to Named Plaintiffs and Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

95.     Defendants obtained Named Plaintiffs and Catering Class Members' tips and service charges maliciously.

## X.   DAMAGES SOUGHT

96.     The foregoing paragraphs are fully incorporated herein.

97.     Named Plaintiffs and All Class Members are entitled to recover compensation for the hours worked for which Named Plaintiff and All Class Members were not paid at the federally mandated minimum wage rate.

98.     Named Plaintiff and All Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Named Plaintiffs and All Class Members.

99.     Named Plaintiffs and All Class Members are entitled to reimbursement of tips that

were illegally retained by Defendants.

100.    Named Plaintiffs and All Class Members are entitled to reimbursement of the funds deducted from Named Plaintiffs and All Class Members' paychecks or were required to be paid in cash to Defendants for items that were for the benefit of Defendants or in furtherance of Defendants' business (e.g. uniforms).

101.    Named Plaintiffs and All Class Members are entitled to payment of overtime at one-and-one-half times their regular rate, which shall include all compensation, bonuses, and other renumeration for purposes of calculating the overtime premium rate.

102.    Named Plaintiffs and All Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants' actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

103.    Named Plaintiffs and All Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## XI.    JURY DEMAND

104.    Named Plaintiffs requests trial by jury.

## XII.    PRAYER

105.    Named Plaintiffs pray for an expedited order certifying two classes of similarly situated individuals, and directing notice pursuant to 29 U.S.C. § 216(b), individually, and on behalf of any and all similarly situated individuals who consent to join this action, for a judgment against Defendants, jointly and severally, as follows:

A.    For an order pursuant to Section 216 of the FLSA finding Defendants jointly and severally liable for wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the wages found due to Named Plaintiffs (and those who may join in the suit);

20

B.   In the event liquidated damages are not awarded, for an order awarding Named Plaintiffs (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.   For an order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

D.   For an order awarding Named Plaintiffs (and those who may join in the suit) the costs of this action; and

E.   For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,


By: */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      *drew@herrmannlaw.com*
      Pamela G. Herrmann
      Texas Bar No. 24104030
      *pamela@herrmannlaw.com*

      **HERRMANN LAW, PLLC**
      801 Cherry St., Suite 2365
      Fort Worth, Texas 76102
      Phone: 817-479-9229
      Fax: 817-887-1878

      ATTORNEYS FOR NAMED PLAINTIFFS
      AND CLASS MEMBERS


## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018 a true and correct copy of the foregoing document will be served on all counsel of record via electronic filing.


      */s/ Drew N. Herrmann*
      Drew N. Herrmann